IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SALLY WHAT, aka SHAWN FABIO,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>HONOLULU POLICE DEPARTMENT; HAWAII WOMEN'S HEALTH; QUEEN'S MEDICAL CENTER; WAIKIKI HEALTH CENTER; YOUNG WOMEN'S CHRISTIAN ASSOCIATION; ADULT PROTECTIVE SERVICES; INSTITUTE OF HUMAN SERVICES; KAKAAKO SHELTER; WAIANAE CIVIC CENTER; SAFE HAVEN/MENTAL HEALTH KOKUA,<br><br>　　　　Defendants. | Civ. No. 13-00373 HG-RLP |

**ORDER DISMISSING THE COMPLAINT WITHOUT LEAVE TO AMEND**

Plaintiff Sally What, proceeding pro se, has brought suit against a number of Defendants. The Complaint is hard to decipher, but purports to allege "personal injury" claims for violations of Plaintiff's "human condition and social status." The allegations appear to relate to Plaintiff's mental health treatment and criminal convictions.

Defendants Hawaii Women's Healthcare LLC; Queen's Medical Center; Young Women's Christian Association; Institute for Human Services; and United States Veterans Initiative, dba Waianae Civic Center have appeared and moved to dismiss Plaintiff's Complaint.

1

Defendants' Motions to Dismiss (ECF Nos. 9, 12, 14 & 18) are **GRANTED**. The case is **DISMISSED WITHOUT LEAVE TO AMEND** for lack of subject matter jurisdiction and failure to state a claim.

## PROCEDURAL HISTORY

On July 26, 2013, Plaintiff Sally What, aka Shawn Fabio, filed a Complaint against ten Defendants.

No proof of service has been filed as to any Defendant. The following Defendants have appeared: Hawaii Women's Healthcare LLC; Queen's Medical Center; Young Women's Christian Association ("YWCA"); Institute for Human Services; and United States Veterans Initiative, dba Waianae Civic Center ("Waianae Civic Center"). (ECF No. 1.)[1]

There has been no filing indicating that the other named Defendants, Honolulu Police Department, Waikiki Health Center, Adult Protective Services, Kakaako Shelter, and Safe Haven/Mental Health Kokua, have been served, nor have they appeared. The 120-

---

[1] The Complaint improperly refers to Hawaii Women's Healthcare LLC as Hawaii Women's Health, and Institute for Human Services as Institute of Human Services. The Defendant referred to in the Complaint as Waianae Civic Center has entered an appearance as United States Veterans Initiative, dba Waianae Civic Center.

day period for service of the Complaint, pursuant to Federal Rule of Civil Procedure 4(m), has expired.

On November 6, 2013, Defendant YWCA filed a Motion to Dismiss. (ECF No. 9.) The YWCA's Motion was joined by Defendants Waianae Civic Center and Institute for Human Services. (ECF Nos. 21 and 34.)

On November 18, 2013, Defendant Queen's Medical Center filed a Motion to Dismiss. (ECF No. 12.) The Queen's Medical Center's Motion was joined by Defendants Waianae Civic Center, Institute for Human Services, and Hawaii Women's Healthcare LLC. (ECF Nos. 27 and 34.)

Also on November 18, 2013, Defendant Waianae Civic Center filed a Motion to Dismiss. (ECF No. 14.) The Waianae Civic Center's Motion was joined by Defendant Institute for Human Services. (ECF No. 34.)

On November 19, 2013, Defendant Institute for Human Services filed a Motion to Dismiss. (ECF No. 18.)

On December 2, 2013, the date Plaintiff's Opposition to the pending Motions to Dismiss was due, Plaintiff filed a Memorandum entitled "Motion to Proceed Exhibit B-G." (ECF No. 31.) The Court issued a Minute Order, stating that Plaintiff's Filing shall be construed as an Opposition to the pending Motions to Dismiss (ECF Nos. 9, 12, 14, and 18), and not as a motion. (Minute Order, 12/24/13, ECF No. 45.)

Also on December 2, 2013, Plaintiff filed a Motion for Appointment of Counsel. (ECF No. 30.) The Motion was denied on December 4, 2013, as Plaintiff failed to demonstrate her inability to afford counsel or exceptional circumstances which would warrant the appointment of counsel. (ECF No. 33.)

On December 18, 2013, Defendant Institute for Human Services and Waianae Civic Center each filed a Memorandum in further support of dismissal. (ECF Nos. 41 and 42.)

On December 20, 2013, Defendant YWCA filed a Memorandum in further support of dismissal. (ECF No. 44.)

On December 26, 2013, Defendant Queen's Medical Center filed a Memoranda in support of dismissal. (ECF No. 46.)

On the same day, Defendant Institute for Human Services filed an additional Memoranda to clarify its argument in support of dismissal, in light of the Court's ruling that Plaintiff's Filing would not be treated as her Opposition, and not as a motion. (ECF No. 47.)

The Court finds the matter suitable for disposition without a hearing, pursuant to Local Rule 7.2(d). (ECF Nos. 10, 17 and 22.)

## BACKGROUND

The Court has had great difficulty in attempting to discern Plaintiff's Complaint. It appears to allege various forms of

4

wrongdoing, including the "insertion of [an] (IMI) biotic device," falsification of her medical records, denial of "advocacy for public services," and wrongful conviction. Plaintiff alleges that damages are warranted for various events, including "when [Plaintiff] heard a radio station in [Plaintiff's] head through the (IMI) biotic device." (ECF No. 1.)

The allegations against all ten Defendants, various state agencies and non-profit organizations, are contained in less than one page of Plaintiff's three-page Complaint. The Complaint does not include any details as to how or when the various Defendants wronged her.

Plaintiff appears to believe that Defendants improperly diagnosed her with a mental health condition and inserted a "biotic device," through which Plaintiff could hear a radio station. Plaintiff appears to believe that those events somehow led to denial of services and various wrongful convictions. Plaintiff allege that the ten Defendants are conspiring against her.

## STANDARDS OF REVIEW

### I. SUBJECT MATTER JURISDICTION

Federal district courts, as courts of limited jurisdiction, have no jurisdiction without specific constitutional or statutory

authorization. Exxon Mobil Corp. v. Allapattah Servs., 545 U.S. 546, 552 (2005). Pursuant to Federal Rule of Civil Procedure 12(b)(1), a case must be dismissed for lack of subject matter jurisdiction when the Court lacks a constitutional or statutory basis to adjudicate the controversy. Fed. R. Civ. P. 12(b)(1); Leeson v. Transamerica Disability Income Plan, 671 F.3d 969, 975 (9th Cir. 2012).

In a facial attack to subject matter jurisdiction, as raised by Defendants here, the party challenging jurisdiction argues that the allegations contained in a complaint are insufficient "on their face" to invoke federal jurisdiction. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). A Court analyzing a facial challenge to subject matter jurisdiction must take all allegations contained in the pleading "to be true and draw all reasonable inferences in [its] favor." Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004).

II. **FAILURE TO STATE A CLAIM**

Federal Rule of Civil Procedure 12(b)(6) allows dismissal where a complaint fails "to state a claim upon which relief can be granted." The complaint must contain "a short and plain

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. Rule 8(a)(2).

When considering a Rule 12(b)(6) motion to dismiss, the Court must presume all allegations of material fact to be true and draw all reasonable inferences in favor of the non-moving party. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss. Id. The Court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

In Bell Atlantic Corporation v. Twombly the Supreme Court stated that Rule 8 of the Federal Rules of Civil Procedure "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action," and that "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007).

In Ashcroft v. Iqbal the Supreme Court clarified that the principles announced in Twombly are applicable in all civil cases. 556 U.S. 662 (2009). The Court stated that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." Id. at 678 (quoting

Twombly, 550 U.S. at 555).  A complaint survives a motion to dismiss when it contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. Id. (quoting Twombly, 550 U.S. at 570).

A claim is facially plausible when the factual content of the complaint allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678. The plausibility standard does not require probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). A complaint that pleads facts that are "merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

## ANALYSIS

Defendants Hawaii Women's Healthcare LLC, Queen's Medical Center, Young Women's Christian Association ("YWCA"), Institute for Human Services, and United States Veterans Initiative, dba Waianae Civic Center move to dismiss for lack of subject matter jurisdiction and failure to state a claim.

As Plaintiff is proceeding pro se, the Court construes the Complaint liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

I.   **LACK OF SUBJECT MATTER JURISDICTION**

Plaintiff appears to assert that federal jurisdiction is proper, pursuant to federal question jurisdiction, 28 U.S.C. § 1331. (Complaint at pg. 1, ECF No. 1.)

Federal question jurisdiction, pursuant to 28 U.S.C. § 1331, exists when a plaintiff's well-pleaded complaint establishes either (1) that federal law creates the cause of action or (2) that a state law claim "necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally-approved balance of federal and state judicial responsibilities." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1086-87 (9th Cir. 2009)(quoting Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005)).

Plaintiff's claims do not appear to involve a federal question of law. Plaintiff's Complaint, viewed in a generous light, appears to allege various common law tort claims.

The Complaint does not demonstrate any other basis for federal jurisdiction, such as diversity of citizenship, pursuant to 28 U.S.C. § 1332. Plaintiff and Defendants all appear to be citizens of Hawaii.

Plaintiff has failed to prove the existence of federal subject matter jurisdiction. The Complaint is dismissed for lack of federal subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1).

## II.  FAILURE TO STATE A CLAIM

Even if Plaintiff could assert a basis for federal jurisdiction, dismissal is appropriate for failure to state a claim.

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint that fails to state a claim that is plausible on its face. Ashcroft v. Iqbal,  556 U.S. 662, 678 (2009). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).

Plaintiff's Complaint does not allege sufficient, specific facts to allow the Court to understand Plaintiff's allegations and the relevant circumstances surrounding the claims. Plaintiff generally alleges that Defendants denied her services and that she was convicted of offenses that she claims she did not commit. The Court is unable to discern the underlying facts, and cannot infer that Defendants are liable for any misconduct. The Complaint fails to provide notice of what exactly happened and

when, or who did what to Plaintiff, or how any Defendant's action provided Plaintiff with a claim.

The Complaint also fails to satisfy the pleading requirements for joining multiple defendants in a single suit, set forth in Federal Rule of Civil Procedure 20(a)(2). Rule 20(a)(2) provides that a plaintiff may join multiple defendants in a single law suit if (1) a right to relief is asserted against each defendant that relates to or arises out of the same transaction or occurrence or series of transactions or occurrences; and (2) some question of law or fact common to all parties arises in the action. Fed. R. Civ. P. 20(a)(2). Unrelated claims involving different defendants belong in different suits. Bathke v. Brown, No. 13-15406, 2013 WL 6405838 (9th Cir. Dec. 9, 2013); Tomel v. Hawaii, No. 12-CV-00047 LEK, 2012 WL 3262973, at *2 (D. Haw. Aug. 9, 2012).

Plaintiff's claims against the ten different Defendants appear to be unrelated and cannot be alleged in a single suit.

The Complaint fails to comply with the pleading requirements of Federal Rules of Civil Procedure 8(a)(2) and 20(a)(2) and fails to state a claim upon which relief can be granted. The Complaint is dismissed, pursuant to Federal Rule of Civil Procedure 12(b)(6).

**III. DISMISSAL WITHOUT LEAVE TO AMEND**

The Court is aware of the importance of notifying a pro se litigant of the deficiencies in his or her complaint and affording an opportunity to amend prior to dismissal of an action. Lucas v. Dep't of Corrections, 66 F.3d 245, 248 (9th Cir. 1995). Leave to amend should be denied, however, where amendment would be futile. Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

Plaintiff's Opposition, filed on December 2, 2013, provides details of the circumstances which Plaintiff claims entitle her to relief. Plaintiff's Opposition describes events beginning in December 2008, spanning through 2011, which involve various combinations of Defendants. The allegations provided in the Opposition more fully explain Plaintiff's theory of injury than the Complaint, but do not demonstrate any indication that Plaintiff may be entitled to relief. Plaintiff's allegations continue to be incoherent and appear to be unrelated to each other. Amendment of the Complaint would be futile.

Plaintiff Complaint is **DISMISSED WITHOUT LEAVE TO AMEND.**

**CONCLUSION**

Defendants' Motions to Dismiss (ECF Nos. 9, 12, 14, and 18) are **GRANTED.** The Complaint (ECF No. 1) is **DISMISSED WITHOUT LEAVE TO AMEND** for lack of subject matter jurisdiction and failure to state a claim.

The Clerk of the Court is ordered to close the case.


Dated:    January 13, 2014, Honolulu, Hawaii.



/s/ Helen Gillmor

Helen Gillmor
United States District Judge


Sally What, aka Shawn Fabio v. Honolulu Police Department; Hawaii Women's Healthcare LLC; Queen's Medical Center; Waikiki Health Center; Young Women's Christian Association; Adult Protective Service; Institute of Human Services; Kakaako Shelter; United States Veterans Initiative, dba Waianae Civic Center; Safe Haven/Mental Health Kokua; Civil No. 13-00373 HG-RLP; **ORDER DISMISSING THE COMPLAINT WITHOUT LEAVE TO AMEND**